**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: January 10 2018**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No.: 17-31398 |
| Jeffrey L. Cheney and Ronette Smith-Cheney, | Chapter 7 |
| Debtors. | Adv. Pro. No. 17-3086 |
| | Hon. Mary Ann Whipple |
| Raymond P. Johnston, et al., | |
| Plaintiffs, | |
| v. | |
| Jeffrey L. Cheney, et al., | |
| Defendants. | |

### ORDER GRANTING MOTION PURSUANT TO RULE 56(d)

This adversary proceeding is before the court on Plaintiffs' motion [Doc. # 14] brought pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, made applicable in this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, and Defendant's response [Doc. # 15]. No discovery has yet occurred in this proceeding. Following the initial pretrial conference held in this case, the court entered an Adversary Proceeding Scheduling Order, setting no discovery deadline, as Defendants intended to file a summary judgment motion and stated they did not need discovery to do so. The court set a deadline of November 6, 2017, for filing their motion for summary judgment and a deadline of December 6, 2017, for Plaintiffs to file a response. The court stated that to the extent Plaintiffs need discovery in order to file a

response, they shall comply with Rule 56(d). [Doc. # 11, p. 2].

In their complaint, Plaintiffs seek a determination that a debt allegedly owed to them by Defendants is nondischargeable as a debt resulting from Defendants fraudulently inducing them to enter into a contract, [Doc. # 1, ¶¶ 2-6]. Plaintiffs complaint refers to a state court complaint attached as Exhibit A that was filed by them in the Court of Common Pleas of Wood County, Ohio, ("State Court Complaint") and the exhibit attached thereto. [*Id.* at ¶ 2]. While Plaintiffs' complaint in this proceeding includes no specific allegations of fraud, *see* Fed. R. Civ. P. 9(b) (providing that "a party must state with particularity the circumstances constituting fraud"), the court construes the specific fraudulent misrepresentations alleged in count five of the State Court Complaint as incorporated by reference in Plaintiffs' dischargeability complaint.

In count five of the State Court Complaint, Plaintiffs allege that on or about March 27, 2016 Defendants fraudulently represented to them that Defendant Jeffrey L. Cheney (1) would be able to prepare plans for a proposed addition to their home, (2) would be able to build the addition, and (3) had previously successfully constructed projects on such a scale as the proposed addition. [Doc. # 1, Ex. A, ¶ 30]. Plaintiffs allege that the representations were false, that Defendants knew they were false and made them with the intent to fraudulently induce Plaintiffs to enter into a contract for construction of the proposed addition, and that they relied on representations in entering into the contract, resulting in damages incurred by them. [*Id.* at ¶¶ 31-34].

Defendants filed a timely motion for summary judgment. In support thereof, they offer the affidavit of both Defendants that aver facts, which, if true, could entitle them to judgment on the dischargeability complaint. Those facts include, among other things, that throughout Defendant Jeffrey Cheney's adult life, he has engaged in home remodeling and construction projects similar to Plaintiffs' home addition project and has successfully designed and constructed numerous home remodeling and construction projects, with all such work completed within applicable building codes and to the satisfaction of the owners. [Doc. # 13, Ex. A, Jeffrey L. Cheney Aff., ¶¶ 6-7]. Jeffrey Cheney avers that he believed at the meeting with Plaintiffs on March 27, 2016, and continues to believe, that he could complete the project as a general contractor based on the work discussed with Plaintiffs on that date. [*Id.* at ¶ 9]. Defendant Ronette Smith-Cheney avers that she made no misrepresentation to Plaintiffs and, based on her husband's past experience, does not believe her husband made any misrepresentation to them. [*Id.*, Ex. B, Ronette Smith-Cheney Aff., ¶¶ 5-6].

On December 5, 2017, Plaintiff's filed their motion pursuant to Rule 56(d). Under Rule 56(d), the court may allow time to take discovery where the nonmovant shows that "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). As no discovery has yet occurred in this case, given the

2

factual averments offered in support of Defendants' motion for summary judgment, Plaintiffs are entitled to discovery regarding the veracity of those averments. The court will grant Plaintiffs' motion and allow them to conduct discovery only to the extent necessary to respond to the factual arguments raised in Defendants' motion for summary judgment.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiffs' Motion Pursuant to FRCP 56(d) [Doc. # 14] be, and hereby is, **GRANTED** only to the extent necessary to respond to the factual arguments raised in Defendants' motion for summary judgment; and

**IT IS FURTHER ORDERED** that all such discovery shall be completed on or before **March 12, 2018**; and

**IT IS FURTHER ORDERED** that the deadline for Plaintiffs to file a response to Defendants' motion for summary judgment is extended to **March 26, 2018**; and

**IT IS FINALLY ORDERED** that the deadline for Defendants to file a reply to Plaintiffs' response, if any, is extended to **April 2, 2018.**

###